By the Doubt—White, J.
This action was brought to recover $195.03, with interest alleged to be due to the plaintiff' from the defendants, for goods sold and delivered by him to them.
The defendants pleaded in abatement, that one John J. Jones was a partner of the defendants at the time of the transactions upon which the plaintiff’s alleged claim is founded; and they also set up a counterclaim to the amount of $198.28.
The cause was referred, testimony was taken, and the Beferee reported that the sum of one dollar and forty-two cents was due to the defendants, for which they were entitled to judgment against the plaintiff. The Beferee did not state the facts found by him and his conclusions of law separately.
The plaintiff has appealed from the judgment entered on this report, and alleges as error that the Beferee found adversely to him on certain items of his account against the defendants; and secondly, that no part of the defendants’ counterclaim should be allowed, and he has also excepted to the admission by the Beferee, of certain questions put by the defendants’ Counsel to one of the witnesses, and to the denial by the Beferee of certain motions made by him to strike out or exclude portions of the de *578 fendants’ testimony. Objection is also made by the plaintiff, that the Referee did not state the facts found by him, and his conclusions of law separately.
This last objection cannot he entertained on the argument of the appeal. It could only have been presented upon motion at Special Term, to correct the Referee’s report.
The rejection of any part of the plaintiff’s claim, and the admission of the defendants’ counterclaim, by the Referee, were, so far as we can judge from his report and. the proceedings before him, the result of his determination of questions of fact in the case and as there was, at least, some testimony to sustain his finding upon.those questions, and no such preponderance of proof on the other side, as would justify the Court in setting aside his report as being against the weight of evidence, we ought not to interfere. We also think, that there was no material error in any of the other matters presented by the appellant.
The judgment must, therefore, be affirmed with costs.